UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>BEATRIZ GONZALES; and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:11-cv-00060 OWW JLT<br><br>ORDER GRANTING MOTION TO REMAND; GRANTING IN PART REQUEST FOR ATTORNEYS' FEES AND COSTS; AND DENYING REQUEST TO BAR FUTURE REMOVALS (DOC. 3) |
|---|---|

   This action concerns real property located at 1200 Dorian Drive, Bakersfield, California 93304 ("Subject Property").  Plaintiff, U.S. Bank National Association, purchased the property pursuant to a Trustee's Deed Upon sale, recorded on or about November 1, 2010 in the Official Records of Kern County.  *See* Doc. 1, Ex. 1, Complaint, at ¶ 4.  On November 17, 2010, Plaintiff filed an Unlawful Detainer action regarding the Subject Property against Defendant Beatriz Gonzales in Kern County Superior Court – Metropolitan Judicial District.  *See* Complaint.  After being served with the Complaint on December 5, 2010, Doc. 3-2, Ex. 2 (proof of personal service upon Beatriz Gonzales), Defendant failed to answer and default judgment was entered on January 4, 2011.

On January 12, 2011, Defendant, who proceeds *pro se*, removed this action to federal court.  Plaintiff timely filed its motion to remand on February 10, 2011 pursuant to Title 28 U.S.C. § 1447(c)(motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of filing of notice of removal).  Defendant did not file an opposition.

Remand is required here because removal was untimely. Notice of removal of a civil action must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim or relief upon which such action or proceeding is based...."  28 U.S.C. § 1446(b).  Here, Defendant was personally served on December 5, 2010.  The notice of removal, filed more than thirty days later on January 12, 2011, was therefore untimely.

Even if the notice of removal had been timely, the case does not satisfy the requirements of the removal statute, 28 U.S.C. § 1441, which provides that a defendant may remove to federal court any action over which the federal court would have original jurisdiction:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be

```
            removed by the defendant or the defendants, to
            the district court of the United States for the
            district and division embracing the place where
            such action is pending. For purposes of removal
            under this chapter, the citizenship of
            defendants sued under fictitious names shall be
            disregarded.
```

28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over civil actions arising under the U.S. Constitution, federal laws, or treaties of the United States -- so called "federal questions."  28 U.S.C. § 1331.  Federal Question jurisdiction is governed by the "well-pleaded complaint rule," which provides that the federal question must be presented on the face of the plaintiff's properly pleaded complaint.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  The existence of a defense based on federal law is insufficient.  *Id*.  Here, there is no federal question jurisdiction because the face of the complaint reveals only one claim: a state law cause of action for Unlawful Detainer arising under California Code of Civil Procedure §1161(a), a local action involving the law of real property and contract.

Alternatively, a Federal Court may assert original jurisdiction over civil actions where the matter in controversy exceeds $75,000 in value, exclusive of interest and costs, and is between citizens of different

3

States, pursuant to the "diversity" statute, 28 U.S.C. § 1331.  Even assuming the truth of the allegation in the complaint that the amount in controversy is $95,000, removal of diversity cases is limited to situations where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. 1441(b).  Here, based on Beatriz Gonzales' admitted residence in California, Doc. 1 at 2, and the absence of any other allegation suggesting her citizenship is elsewhere, it appears that Defendant is a citizen of the state in which this action is brought and therefore is barred from removing this case to federal court.

Plaintiff also requests that it be allowed to recover its reasonable fees and costs incurred in filing this motion for remand, in the amount of $2,100.00.  28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c), only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141  (2005).  A *pro se* defendant is "entitled

4

to more leeway in his attempt to comply with the removal statute, as long as it was not objectively unreasonable." *HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195 (S.D. Cal. Nov. 10, 2009).  Nevertheless, pro se litigants "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Defendant has failed to offer any explanation for her removal, which fails to comply with the facial requirements of the removal statute.

Plaintiff's request for $2,100.00 in fees included 4.0 billable hours (at $175.00/hour) for a total of $700.00 to prepare the motion.  The request also anticipated eight hours of billable time to prepare a reply and attend the hearing, an additional $1,400.00.  In light of Defendant's non-opposition and Plaintiff's failure to file a reply, this eight-hour allocation is excessive.  Defendant's <u>total</u> recovery shall be limited to $1,500.00, which reflects time spent preparing the motion and a reasonable fee for defense counsel's personal attendance at the hearing.

Finally, Plaintiff requests a court order barring future removals in this action.  Courts have ruled that when parties file multiple frivolous removals, the Court may bar any future removals of that state action.  *U.S.*

5

*Bank Nat'l Ass'n v. Garcia*, 2010 WL 3505093 (Sept. 3, 2010). Plaintiff has not presented evidence of previous frivolous removals warranting an injunction against future removal activity. One incident does not a pattern make.

## CONCLUSION

For the reasons set forth above:

(1) This action is REMANDED to Kern County Superior Court;

(2) Plaintiff's request for $2,100.00 in attorney's fees and costs associated with this remand motion is GRANTED IN PART; Plaintiff shall recover only $1,500.00 in attorney's fees;

(3) Plaintiff's request for an injunction against future removals of this action is DENIED;

(4) Plaintiff's proposed order, Doc. 6, filed March 15, 2011, SHALL BE DISREGARDED; and

(5) Plaintiff shall re-submit a proposed order consistent with this memorandum decision within five (5) days of electronic service.

IT IS SO ORDERED
Dated:  March 16, 2011              /s/ Oliver W. Wanger
                                    United States District Judge

6